UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KATHLEEN J. MILLER,

         *Plaintiff*,

v.

COMMISSIONER OF SOCIAL SECURITY,

         *Defendant*.

_____/

Case No. 17-cv-12699

Honorable Gershwin A. Drain

**ORDER REJECTING IN PART AND ACCEPTING IN PART THE REPORT AND RECOMMENDATION (#13), SUSTAINING IN PART AND OVERRULING IN PART PLAINTIFF'S OBJECTIONS (#14), GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (#10), DENYING IN PART AND GRANTING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (#11), AND REMANDING FOR FURTHER PROCEEDINGS**

**I.    INTRODUCTION**

This matter is before the Court on the parties' Cross-Motions for Summary Judgment as to Plaintiff Kathleen J. Miller's request for judicial review of Defendant Commissioner of Social Security's denial of her application for disability insurance benefits. The matter was referred to Magistrate Judge Patricia T. Morris, who issued a Report and Recommendation on April 19, 2018 recommending that Ms. Miller's Motion for Summary Judgment be denied, the Commissioner's Motion for Summary Judgment be granted, and that the Commissioner's findings and conclusions be affirmed. For the reasons discussed below, the Court will sustain in part and overrule in part Ms. Miller's objections and remand the case for further proceedings consistent with this Order.

## II. PROCEDURAL AND FACTUAL HISTORY

Ms. Miller filed an application for disability insurance benefits on July 25, 2014, alleging a disability onset date of December 1, 2012. Her application was denied on November 6, 2014. Ms. Miller then requested a hearing before an Administrative Law Judge ("ALJ"), which occurred on February 25, 2016 before ALJ Martha M. Gasparovich. On March 11, 2016, the ALJ issued a decision denying Ms. Miller's claim for benefits, finding that:

> [T]he claimant has the residual functional capacity to perform light work as defined in 20 CFR § 404.1567(b) except she is unable to stand/walk more than six hours in an eight-hour workday; however, sitting is unlimited, but she requires a sit/stand option at least every thirty to forty-five minutes. The claimant could lift no more than twenty pounds occasionally and ten pounds frequently. She may occasionally stoop, squat, climb, balance, crouch, crawl or kneel. The claimant requires a clean air environment free from concentrated levels of dust, fumes, chemicals, gases and other air borne irritants.

Tr. at 16. In addition, the ALJ found that Ms. Miller is capable of performing past relevant work as a vice president as generally performed (DOT 189.117-034 skilled/sedentary as generally performed-performed up to the medium exertional level). Tr. at 20-22. The Appeals Council of the Social Security Administration denied Ms. Miller's request for review of the ALJ's decision on June 23, 2017, "at which point the ALJ's decision became the final decision of the Commissioner of Social Security." *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (citation omitted). Ms. Miller initiated this civil action with the Court for review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

## III. STANDARD OF REVIEW

The standard of review to be employed by the Court when examining a Report and Recommendation is set forth in 28 U.S.C. § 636. This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id*. The District Court must review the administrative record as a whole, and

can also consider any evidence in the record that has not been cited by the ALJ. *See Walker v. Sec'y of Health and Human Servs.*, 884 F.2d 241, 245 (6th Cir. 1989). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C).

A district court may affirm, modify, or reverse the Commissioner's decision, with or without remand. 42 U.S.C. § 405(g). Findings of fact by the Commissioner are conclusive if supported by substantial evidence. *Id*. The Court must affirm the decision if it is "based on [an appropriate] legal standard and is supported by substantial evidence in the record as a whole." *Studaway v. Sec' of Health and Human Servs.*, 815 F.2d 1074, 1076 (6th Cir. 1987). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (citing *Cutlip v. Sec'y of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).

**IV.    DISCUSSION**

An ALJ must utilize the following five-step sequential analysis to determine whether a claimant is disabled under the meaning of the regulation. If a claimant is found to be not disabled at one step, the analysis must continue to the next step.

At the first step, the ALJ must consider whether the claimant's work activity, if any, constitutes substantial gainful activity ("SGA"). 20 C.F.R. § 404.1520(a)(4)(i). If it does, the claimant is not disabled. *Id*.

At the second step, the ALJ must consider the medical severity of the claimant's impairment(s). *Id*. § 404.1520(a)(4)(ii). If the claimant does not have a severe medically

determinable physical or mental impairment, or a combination of impairments that is severe, that meets the duration requirement, the claimant is not disabled. *Id*.

At the third step, the ALJ must again consider the medical severity of the claimant's impairment(s). *Id*. § 404.1520(a)(4)(iii). If an impairment meets or equals one of the listed impairments in Appendix 1 of this subpart and meets the duration requirement, the claimant is disabled. *Id*.

At the fourth step, the ALJ must first determine the claimant's residual functional capacity ("RFC"). *Id*. § 404.1520(e). A claimant's RFC is the most that the claimant can do in a work setting despite any physical and mental limitations. *Id*. § 404.1545(a)(1). If the claimant's impairment does not meet or equal a listed impairment, the claimant's RFC will be determined based on all relevant medical and other evidence in the record. *Id*. § 404.1520(e). The second part of step four entails determining whether the claimant has the RFC to perform her past relevant work. *Id*. § 404.1520(f). Past relevant work is SGA done within the past 15 years, performed long enough for the claimant to know how to do the work. *Id*. § 404.1560(b)(1). For this determination, a vocational expert ("VE") may be used to provide relevant evidence or hypotheticals concerning the physical and mental demands of claimant's past work, whether as actually performed or as generally performed in the national economy. *Id*. § 404.1560(b)(2). If the claimant has the RFC to perform her past relevant work, then she is not disabled. *Id*. § 404.1560(b)(3).

At the fifth step, the ALJ must consider the RFC assessment made at the fourth step, along with the claimant's age, education, and work experience, to determine whether the claimant has "the capacity to perform other substantial gainful activity that exists [in significant numbers] in the national economy." *Id*. §§ 404.1520(a)(4)(v), 404.1560(c)(2); *Varley v. Sec'y of*

*Health and Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987). The Social Security Administration is responsible for demonstrating that other work exists in significant numbers in the national economy that the claimant can do. 20 C.F.R. § 404.1560(c)(2). If the claimant can make an adjustment to any other such work, she is not disabled. *Id*. § 404.1520(a)(4)(v). If claimant cannot do any other such work, she is disabled. *Id*.

### a. OBJECTION #1

Ms. Miller's first objection to the Magistrate Judge's Report and Recommendation is that the Magistrate Judge erred in finding Ms. Miller's tinnitus and superior semicircular canal dehiscence (SSCD) to be non-severe as opposed to severe impairments. Obj. at 2. In addition, Ms. Miller claims that the ALJ did not consider her tinnitus and SSCD when formulating her RFC. Obj. at 4.

An impairment is considered severe if it "significantly limits an individual's ability to perform basic work activities." 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1520(c). An impairment is not severe when "medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work even if the individual's age, education, or work experience were specifically considered." 1985 SSR LEXIS 19, *7-8 (parenthetical omitted). On appeal, however, "an ALJ's failure to find additional severe impairments at step two '[does] not constitute reversible error,'" so long as the ALJ considers all limitations imposed by the claimant's severe *and* non-severe impairments in the remaining sequential steps. *See Fisk v. Astrue*, 253 Fed. Appx. 580, 584 (6th Cir. 2007) (citing *Maziarz v. Sec'y of Health and Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987)). Thus, the ALJ's failure to find Ms. Miller's tinnitus and SSCD to be severe impairments does not constitute reversible error.

Even so, the ALJ was still required to consider all Ms. Miller's medically determinable impairments, including those that are non-severe, when determining her RFC. 20 C.F.R. § 404.1545(a)(2). As Ms. Miller correctly notes in her first objection, the ALJ only mentioned her non-severe tinnitus and SSCD at the second and third steps of the disability analysis. Tr. at 13, 15. When determining Ms. Miller's RFC at the fourth step, only once did the ALJ allude to Ms. Miller's tinnitus and SSCD by stating that Ms. Miller has "worn hearing aids since 2009." Tr. at 17. Besides this meager mention, there was no other reference or discussion concerning the effect that the tinnitus and SSCD would have on Ms. Miller's RFC to perform past or other work.

Magistrate Judge Morris contends that the ALJ was correct in declining "to credit such conditions as limiting when answering the question whether Ms. Miller could perform her prior work as a Vice President" since the ALJ had "found no limitation" from the tinnitus, SSCD, and hearing loss. MRR at 16. To the contrary, the ALJ *did* find limitations flowing from the tinnitus and SSCD, otherwise she would not have found them to be non-severe impairments that could still have a "minimal effect" on her ability to work. 1985 SSR LEXIS 19, *7-8 (parenthetical omitted). In fact, the guarantee that the ALJ will consider both severe and non-severe impairments when formulating the RFC is precisely the justification for why an ALJ's failure to find an impairment to be severe is not reversible error. *See Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987). The ALJ failed to consider all of Ms. Miller's severe and non-severe impairments when formulating the RFC. Thus, the ALJ committed reversible error. *See Kirkland v. Comm'r of Sec. Sec.*, 528 Fed. Appx. 425, 427 (6th Cir. 2013) (citing *Fisk v. Astrue*, 253 F. Appx. 580, 583 (6th Cir. 2007) ("[S]o long as the ALJ considers *all* of the

6

individual's impairments, the 'failure to find additional severe impairments… does not constitute reversible error.'") (emphasis added))).

Ms. Miller also argues that her tinnitus, SSCD, and hearing loss are not "alleged" impairments, as the ALJ described them, but rather are established by objective evidence. Tr. at 13, Obj. at 3. She points to several records from the University of Michigan demonstrating her bilateral tinnitus and SSCD, as well as abnormal CT scans, the need to wear hearing aids, the use of maskers such as Klonopin, and medical opinions revealing her gradual hearing loss and worsening tinnitus. Obj. at 5. As already discussed, the ALJ found Ms. Miller's tinnitus and SSCD to be non-severe because "medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work…." 1985 SSR LEXIS 19, *7-8 (parenthetical omitted). Thus, the ALJ may have referred to these impairments as "alleged" in describing Ms. Miller's claims, yet the ALJ's findings demonstrate that she found the tinnitus and SSCD to be established by medical evidence, yet non-severe in nature. Tr. at 15. In the end, although the ALJ believed that "the record lacks sufficient objective medical evidence" demonstrating the tinnitus and SSCD to be severe impairments, on remand she must still consider whatever supporting objective medical evidence *is* available in the record when formulating the RFC. *Id*. This medical evidence includes the records from the University of Michigan, the Michigan Ear Institute, and any other medical tests, notes, or opinions supported by objective evidence.

Finally, Ms. Miller states that the ALJ's hypothetical question posed to the VE concerning her ability to hear while on the job concerned Ms. Miller's ability to perform extended telephone conversations of more than ten to fifteen minutes at a time. Obj. at 5, Tr. at 51. As such, Ms. Miller claims that the ALJ impermissibly "played doctor" by using Ms.

7

Miller's apparent ability to hear what was said at the in-person hearing as a barometer for her ability to conduct telephone conversations. Obj. at 5. However, the ALJ properly gave "little weight" to this evidence since it was a "one-time observance." Tr. at 19.

Nonetheless, the ALJ may only rely on a VE's response to a hypothetical question "if the question accurately portrays a claimant's physical and mental impairments." *Lester v. SSA*, 596 Fed. Appx. 387, 389 (6th Cir. 2015) (citing *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 516 (6th Cir. 2010)). Additionally, "[t]he ALJ is required to incorporate only those limitations that he or she accepted as credible." *Lester*, 596 Fed. Appx. at 389-90 (6th Cir. 2015) *citing Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993). Therefore, after considering Ms. Miller's tinnitus and SSCD when formulating the RFC, on remand the ALJ must ensure that she more carefully considers the answer to the hypothetical question posed to the VE concerning Ms. Miller's ability to perform extended telephone conversations of more than ten to fifteen minutes at a time, to the extent that the objective medical evidence supports these limitations. Should the ALJ determine that Ms. Miller is unable to perform her previous work as either specifically or generally performed, then the ALJ must determine whether she has "the capacity to perform other substantial gainful activity that exists [in significant numbers] in the national economy." 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1560(c)(2); *Varley v. Sec'y of Health and Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987). The Social Security Administration is responsible for demonstrating that other work exists in significant numbers in the national economy that Ms. Miller can do. 20 C.F.R. § 404.1560(c)(2). If Ms. Miller can make an adjustment to any other such work, she is not disabled. *Id*. § 404.1520(a)(4)(v). If she cannot do any other such work, the ALJ must find her to be disabled. *Id*.

### b. OBJECTION #2

Ms. Miller's second objection is that the Magistrate Judge erred in giving the treating physician's opinion limited weight as opposed to controlling weight. Obj. at 7. Ms. Miller contends that treating physician Dr. Mariotti's opinion is supported by clinical and objective evidence rather than solely Ms. Miller's subjective reports. Obj. at 8. Additionally, Ms. Miller argues that the Magistrate Judge did not explain how Dr. Mariotti's opinion conflicted with other evidence in the record. Obj. at 10. Finally, Ms. Miller argues that the Magistrate Judge did not give the required "good reasons" for giving limited weight to the treating physician's opinion. Obj. at 10.

Opinions of treating physicians only receive controlling weight on the nature and severity of Ms. Miller's impairments if they are "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and are "not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2). The ALJ "will always give good reasons" for the weight attributed to the medical opinion of Ms. Miller's treating source. *Id.* § 404.1527(c)(2). "Good reasons" must have support in the record, and "must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." 1996 SSR LEXIS 9, *12.

Substantial evidence supports the ALJ's decision to give limited weight to the opinion of treating physician Dr. Mariotti, and that the ALJ gave good reasons for doing so. As the ALJ explained, she gave limited weight to Dr. Mariotti's opinion because she uncritically relied on Ms. Miller's self-reported subjective symptoms – which are insufficient to establish a finding of disability. *See Bell v. Barnhart*, 148 Fed. Appx. 277, 285 (6th Cir. 2005). This was a good reason to give limited weight to the opinion because it has support in the record and is sufficiently clear:

Dr. Mariotti repeatedly stated that Ms. Miller "relates" certain symptoms, not once in her questionnaire pointing to any well-supported medically acceptable clinical and laboratory diagnostic techniques to support her opinion. Tr. at 422-28. Thus, although Ms. Miller is right in pointing out that the ALJ did not explain how Dr. Mariotti's opinion was inconsistent with other substantial evidence in the case record, this was unnecessary since the ALJ had already determined that controlling weight could not be given to the treating physician's opinion because it was not supported by medically acceptable clinical or laboratory techniques. Tr. at 19. Thus, although there are other sources of objective medical evidence to support Ms. Miller's tinnitus and SSCD on the record, Dr. Mariotti's opinion was not one of them.

**V.    CONCLUSION**

Accordingly, Plaintiff Kathleen J. Miller's objections (#14) are SUSTAINED in part and OVERRULED in part. The Court hereby REJECTS in part and ACCEPTS in part Magistrate Judge Patricia T. Morris's April 19, 2018 Report and Recommendation (#13), DENIES in part and GRANTS in part Defendant Commissioner of Social Security's Motion for Summary Judgment (#11), GRANTS in part and DENIES in part Plaintiff Kathleen J. Miller's Motion for Summary Judgment (#10), and REMANDS this case for further findings in accordance with this decision pursuant to 42 U.S.C. § 405(g).

SO ORDERED.

/s/ Gershwin A. Drain
U.S. District Court Judge